CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 2 2007

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:04CR00128 |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| ) | |
| WENDELL ANTONIO JOHNSON ) | By: Samuel G. Wilson |
| ) | United States District Judge |

This matter is before the court on the motion of defendant, Wendell Antonio Johnson which the court construes as a motion pursuant to Rule 36 of the Fed.R.Crim.P. to correct a clerical error in the judgment order. The court grants the motion in part and denies in part.

I.

Johnson pled guilty to counts one, seven, and eight of the superseding indictment. Count one charged him with conspiracy to distribute and possess with intent to distribute a mixture or substance containing more than 50 grams of cocaine base and a mixture or substance containing more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. Count seven charged him with possessing with intent to distribute a measurable quantity of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 8 41(a)(1) and (b)(1)(c). Count eight charged him with attempting to possess with intent to distribute more than 5 kilograms of a mixture or substance containing cocaine in violation of 21 US C §§ 841(a)(1) and (b)(1)(B).

The first page of the court's judgment order describes the nature of the offense for count one as: "conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms of cocaine; it describes the nature of the offense for count seven as: "distribution of cocaine base"; and it describes the nature of the offense for count eight as: "possession with intent to distribute 500

grams or more of cocaine."

Counsel wrote the Clerk of Court requesting that a judgment order be corrected, noting : "an error was found in the judgment order. Mr. Johnson specifically pleaded guilty to cocaine only and not cocaine base which is indicated in counts one, seven, and eight of the court's statement." The clerk docketed the latter as a motion to amend the judgment.

## II.

Rule 36 of the Fed.R.Crim.P. provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." With that in mind, the court grants the motion in part and denies in part.

The court grants the motion as to the judgment order's description of count seven to reflect that the offense was distribution of cocaine, not cocaine base. However, Johnson pled guilty to a conspiracy that had two objectives distribution of cocaine and distribution of cocaine base. Although he was held accountable only for cocaine, the court's judgment order accurately describes count one. The judgment order also accurately describes count eight as possession with intent to distribute cocaine.

## III.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Johnson's motion in part and denies in part.

**ENTER**: This February 2, 2007.

_____
UNITED STATES DISTRICT JUDGE

2